UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REJWANUL ISLAM, NASIR AHMED, IMRAN HUSSAIN, and CHRISTINA FALCON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MORGANS HOTEL GROUP MANAGEMENT LLC; and any other related entities,<br><br>Defendants. | **Case No.: 18-cv-03091-GBD**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs REJWANUL ISLAM, NASIR AHMED, IMRAN HUSSAIN, and CHRISTINA FALCON (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206, 207 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and 12 NYCRR Part 146 to recover, *inter alia*, unpaid minimum wages, unpaid overtime compensation, and unpaid tips and gratuities, owed to the Named Plaintiffs and other similarly situated persons who presently perform or formerly performed food service work for MORGANS HOTEL GROUP MANAGEMENT LLC; and any other related entities, (hereinafter collectively referred to as "Defendants") at all of Defendants' facilities located in the State of New York, including but not limited to the hotel commonly known as the Mondrian SoHo.

2.      Upon information and belief, beginning in approximately April 2012 and

continuing through the present, Defendants have engaged in a policy and practice of unlawfully compensating their food service employees for all hours worked at a wage rate lower than the applicable minimum wage rate.

3.     Upon information and belief, beginning in approximately April 2012 and continuing through the present, Defendants have engaged in a policy and practice of unlawfully compensating their food service employees for overtime hours worked at a wage rate lower than the applicable overtime wage rate.

4.     Upon information and belief, beginning in approximately April 2012 and continuing through the present, Defendants have engaged in a policy and practice of failing to distribute all tips and gratuities, including charges purported to be gratuities under NYLL § 196-d.

5.     Furthermore, upon information and belief, beginning in approximately April 2012 and continuing through the present, Defendants have engaged in a policy and practice of failing to provide adequate notice to their employees concerning their pay practices as required under the NYLL's Wage Theft Prevention Act.

6.     The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including overtime wages, that they were deprived of – plus interest, attorneys' fees, and costs, and other damages as allowed for pursuant to applicable law.

## JURISDICTION & VENUE

7.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.

8.      Venue is proper in this District because the wage violations which give rise to the Named Plaintiffs' claims occurred in this District.

## THE PARTIES

9.      Plaintiff REJWANUL ISLAM is an individual who currently resides in Queens County, New York, and who was employed as a food service worker by Defendants from approximately July 2014 through April 2015 at the company's 9 Crosby Street, New York, New York 10013 location.

10.      Plaintiff NASIR AHMED is an individual who currently resides in Queens County, New York, and who was employed as a food service worker by Defendants from approximately July 2011 through April 2015 at the company's 9 Crosby Street, New York, New York 10013 location.

11.      Plaintiff IMRAN HUSSAIN is an individual who currently resides in Queens County, New York, and who was employed as a food service worker by Defendants from approximately May 2011 through April 2015 at the company's 9 Crosby Street, New York, New York 10013 location.

12.      Plaintiff CHRISTINA FALCON is an individual who currently resides in Mecklenburg County, North Carolina, and who worked as a food service worker for Defendants from approximately May 2014 through April 2015 at the company's 9 Crosby Street, New York, New York 10013 location.

13.      Upon information and belief, Defendant MORGANS HOTEL GROUP MANAGEMENT LLC is foreign limited liability company organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of New York, with a

headquarters and principal place of business located at 9 Crosby Street, New York, New York 10013, and is and at all times was engaged in the Hospitality Industry.

14.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS AND COLLECTIVE ALLEGATIONS

15.     This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

16.     This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as food service employees, including such workers as wait staff, waiters, servers, server's assistants, captains, bussers, bartenders, food runners, maitre d's, and in various other related customarily-tipped trades.

17.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

18.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

     a)     whether Defendants compensated their food service employees for all hours worked at a wage rate lower than the applicable minimum wage rate under the FLSA and the NYLL;

     b)     whether Defendants compensated their food service employees for overtime hours worked at a wage rate lower than the applicable overtime wage rate under the FLSA and the NYLL;

c)      whether Defendants fully distributed all monies either earmarked as gratuities or charges purported to be gratuities as required under NYLL § 196-d;

d)      whether Defendants provided employees with adequate notice concerning their rate of pay and pay day pursuant to NYLL § 195(1)(2); and,

e)      whether Defendants provided employees with adequate wage statements pursuant to NYLL § 195(3).

19.      The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of paying food service employees for all hours worked – including but not limited to overtime hours – at a wage rate lower than the applicable lawful rate in violation of applicable law, as well as Defendants' policy and practice of failing to distribute all gratuities or charges purported to be gratuities.

20.      The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

21.      The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

22.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

23.      A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

24.      While employed by Defendants, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain,

and, upon information and belief, other members of the putative class, were paid a regular hourly wage in check, typically at a rate of between $5.00 and $5.15 per hour.

25.    Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours in a given workweek.

26.    When Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, worked in excess of 40 hours in a given workweek, they received overtime compensation at a rate of between $9.00 and $9.225 per hour.

27.    For example, for the pay period beginning April 6, 2015 and concluding April 12, 2015, Plaintiff Islam's wage statement reflected that he had performed 44.25 total hours of compensable work. He received a regular hourly rate of pay of $5.15 for the first 40.00 hours, and an overtime rate of pay of $9.225 for the remaining 4.25 hours. A copy of Plaintiff Islam's wage statement from this pay period is attached hereto as Exhibit 1.

28.    Similarly, for the same pay period beginning April 6, 2015 and concluding April 12, 2015, Plaintiff Ahmed's wage statement reflected that he had performed 45.00 total hours of compensable work. He received a regular hourly rate of pay of $5.15 for the first 40.00 hours, and an overtime rate of pay of $9.225 for the remaining 5.00 hours. A copy of Plaintiff Ahmeds's wage statement from this pay period is attached hereto as Exhibit 2.

29.    Additionally, for the pay period beginning February 23, 2015 and concluding March 1, 2015, Plaintiff Ahmed's wage statement reflected that he had performed 42.50 total hours of compensable work. He received a regular hourly rate of pay of $5.00 for the first 40.00 hours, and an overtime rate of pay of $9.00 for the remaining 2.50 hours. A copy of Plaintiff Ahmed's wage statement from this pay period is attached hereto as Exhibit 3.

30.    Defendants failed to distribute all monies collected as gratuities, or charges

purported to be gratuities, in full to the Named Plaintiffs, and upon information and belief, other members of the putative class, including but not limited to monies collected in connection with the administration of banquet or catered events.

31.     At some banquet or catered events, the entirety of the service staff was comprised of individuals like Plaintiff Falcon – who was assigned to work for Defendants through a third-party staffing agency. At these events in particular, despite Defendants' affirmative representations to customers that, for example "16% of food, beverage & room rental total for the event will be added to your account as a gratuity and *is fully distributed to service staff assigned to your event*" [emphasis added], neither Plaintiff Falcon nor any of the other individuals who were assigned to work for Defendants through a third-party staffing agency received any gratuity; instead, Plaintiff Falcon and these other similarly situated individuals received only a flat, hourly rate of pay, irrespective of the total gratuity collected by Defendants.

32.     Relatedly, Defendants failed to maintain accurate records pertaining to both their collection of, and any alleged distribution of, gratuities, or charges purported to be gratuities, including but not limited to monies collected in connection with the administration of banquet or catered events.

33.     Furthermore, Defendants failed to provide Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, with written notice of all required information, including but not limited to their proper pay rate, their pay day, or the frequency of their pay day at all statutorily mandated times, including both at hiring and prior to any change in their respective rates of pay.

34.     Moreover, the wage statements (or paystubs) received by Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class,

at the end of each pay period failed to include all required information, including but not limited to a proper overtime rate, and any credits claimed against the minimum wage.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY NEW YORK OVERTIME

35.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

36.     The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect the Named Plaintiffs and members of the putative class.

37.     Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), 12 NYCRR Part 146, and cases interpreting same.

38.     The Named Plaintiffs and members of the putative class are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

39.     For example, Defendants controlled the manner and method in which the Named Plaintiffs, and upon information and belief, other members of the putative class, carried out their job duties – regardless of whether they were Defendants' direct employees or assigned to perform work for Defendants by a third-party staffing agency.

40.     Pursuant to 12 NYCRR § 146-1.2 [2015], "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015."

41.     Pursuant to 12 NYCRR § 146-1.4, "[a]n employer shall pay an employee for

overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

42.     Here, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours per week, yet Defendants failed to compensate them at an overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a given week.

43.     For example, in 2015, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, typically received an overtime rate of $9.00 and $9.225 per hour.

44.     Given that the minimum wage rate in 2015 was $8.75 per hour, the minimum legal overtime rate during such time was $13.125 per hour.

45.     Therefore, during 2015, Defendants typically underpaid Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, by between $3.90 and $4.125 per hour for all overtime hours worked.

46.     Even to the extent Defendants claim that they were entitled to pay Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and other members of the putative class at a reduced tip credit rate – which Plaintiffs dispute they were entitled to do – the maximum tip credit allowable in 2015 pursuant to 12 NYCRR § 146-1.3(b)(3) [2015] was $3.75 per hour; therefore, even if Defendants were entitled to pay at the tip credit rate, the minimum legal overtime rate during such time was $9.375 per hour.

47.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable

attorney's fees."

48.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL Article 19 § 663, and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY FEDERAL OVERTIME

49.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

50.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

51.     Defendants are employers of the Named Plaintiffs and of all putative class members.

52.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

53.     Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation at time and one-half their regular hourly rate for all such hours worked in excess of 40.

54.     Consequently, by failing to pay Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and, upon information and belief, other members of the putative class all their earned overtime compensation, Defendants violated 29 U.S.C. § 207.

55.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

56.     By the foregoing reasons, Defendants have violated 29 U.S.C. § 207, and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY NEW YORK MINIMUM WAGE**

57.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

58.     Pursuant to NYLL Article 19 § 652 "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, $8.75 on and after December 31, 2014, $9.00 on and after December 31, 2015…."

59.     Pursuant to 12 NYCRR § 146-1.2 [2015], "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015."

60.     Pursuant to 12 NYCRR § 146-1.3, employers may take a credit against the minimum wage when paying food service workers such as the Named Plaintiffs and members of the putative class, but only if the "worker receives enough tips and if the employee has been

notified of the tip credit as required" under 12 NYCRR § 146-2.2, which requires that "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

61.    Here, Defendants were not entitled to take a tip credit against the minimum wage when paying food service workers such as Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and other members of the putative class because they did not comply with the requirements necessary to do so under 12 NYCRR § 146-2.2.

62.    Nevertheless, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class were typically compensated at a rate of between $5.00 and $5.15 per hour, well below the applicable minimum wage, and even below the tip credit rate.

63.    NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

64.    By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.2 and NYLL Article 19 § 652, and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY FEDERAL MINIMUM WAGE**

65.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

66.     Pursuant to FLSA, 29 U.S.C. § 206 (1)(C), the applicable federal minimum wage is, and has been during the relevant period, $7.25 per hour.

67.     Employers are entitled to take a tip credit against the federal minimum wage under § 203(m) of the FLSA, but in order to do so must ensure that certain conditions have been met, including that the employer must inform the employee of the tip credit provision of the FLSA.

68.     Here, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, were not informed by Defendants of the tip credit provision of the FLSA.

69.     Accordingly, Defendants did not meet the requirements to entitle them to take a tip credit against their employees' wages.

70.     Therefore, because Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain, and upon information and belief, other members of the putative class, received an hourly rate of less than $7.25 per hour, Defendants have violated the FLSA and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**WRONGFULLY WITHHELD NEW YORK TIPS & GRATUITIES**

71.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

72.     Pursuant to NYLL Article 6 § 196-d, and the supporting New York State

Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

73.     Tips and gratuities provided by Defendants' patrons to food service employees, including Defendants' direct employees and individuals assigned by a third-party staffing agency, constitute "wages" as that term is defined under NYLL Article 6 §§ 193, 196-d and 198(3).

74.     Defendants unlawfully withheld and retained portions of gratuities, or charges purported to be gratuities, that should have been provided to the Named Plaintiffs, and upon information and belief, putative class members.

75.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR Part 146, including under 12 NYCRR § 146-2.17, § 146-2.18(c) and § 146-2.19(d).

76.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: <br> FAILURE TO PROVIDE ADEQUATE PAY NOTICE

77.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

78.     Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary

language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

79.     Pursuant to NYLL Article 6 § 195(2), employers must notify their "employees in writing of any changes to the information … at least seven calendar days prior to the time of such change, unless such changes are reflected on the wage statement…."

80.     Here, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and, upon information and belief, other members of the putative class, did not receive an adequate notice in writing at hiring – or at any time thereafter, including when their rates of pay changed – listing all required information, including their proper pay rate, their pay day, or the frequency of their pay day.

81.     NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of

fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

82.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 195(1)(2), and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and other members of the putative class under NYLL Article 6 § 198(1-b) in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>FAILURE TO PROVIDE ADEQUATE WAGE STATEMENT</u>

83.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

84.     Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

85.     Here, Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and, upon information and

belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including but not limited to, a proper overtime rate, and any credits claimed against the minimum wage.

86.    NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

87.    By the foregoing reasons, Defendants have violated NYLL Article 6 § 195(3), and are liable to Plaintiff Islam, Plaintiff Ahmed, Plaintiff Hussain and putative class members under NYLL Article 6 § 198(1-d) in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial,

plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(6) on the sixth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(7) on the seventh cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(8) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
      June 19,  2019

**LEEDS BROWN LAW, P.C.**

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs &*
*    Putative Class & Collective*

## CONSENT TO JOIN COLLECTIVE ACTION TO
## RECOVER UNPAID WAGES

BY SIGNING BELOW I, _Rejwanul Islam_ , WISH TO PARTICIPATE

IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER

THE FAIR LABOR STANDARDS ACT AGAINST _____Morgans Hotel Group_____ AND

ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.


I hereby appoint Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of the law firm Leeds Brown
Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.

Name (print) :  Rejwanul Islam

Address    :  ███████████████████

City    :  ███████   State :  NY   Zip Code: ███████

Signature  :  Rejwanul Islam    Date: 04/05/2018



## CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, _____, WISH TO PARTICIPATE

IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER

THE FAIR LABOR STANDARDS ACT AGAINST _____Morgans Hotel Group_____AND

ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.

Name (print) : MD NASIR AHMED

Address :

City : State : NY Zip Code:

Signature : MD Acy Date: 4-3-2018

## CONSENT TO JOIN COLLECTIVE ACTION TO
## RECOVER UNPAID WAGES

BY SIGNING BELOW I, _IMRAN HUSSAIN_ , WISH TO PARTICIPATE

IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER

THE FAIR LABOR STANDARDS ACT AGAINST _____Morgans Hotel Group_____ AND

ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.


I hereby appoint Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.


Name (print) : _IMRAN HUSSAIN_

Address    : ███████████████

City   : ████████       State : _NY_     Zip Code: ████████

Signature   : _____       Date: _04/02/18_

# EXHIBIT 1




| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| ABV | 000281 | 302150 | | 0000160095 | |

## Earnings  Statement

MORGANS HOTEL GROUP MANAGEMENT, LLC
MONDRIAN SOHO HOTEL
9 CROSBY STREET
NEW YORK, NY 10013

| | |
|---|---|
| Period Beginning: | 04/06/2015 |
| Period Ending: | 04/12/2015 |
| Pay Date: | 04/17/2015 |

00000000088
**REJWANUL  ISLAM**

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:        3
NY:             3
New York Cit:   3

| **Earnings** | rate | hours | this period | year to date |
|-----------|------|-------|-------------|--------------|
| Regular | 5.1500 | 40.00 | 206.00 | |
| Overtime | 9.2250 | 4.25 | 39.21 | |
| Charge Tips | | | 754.17 | |
| Tips Paid | | | 11.78 | |
| **Gross Pay** | | | **$1,011.16** | |

| Other Benefits and **Information** | this period | total to date |
|---|---|---|
| Personal Hours | | |
| Sick Hours | | |
| Vacation Hours | | |

**Important Notes**
YOUR COMPANY'S PHONE# 212-554-6444

**Deductions**  Statutory
Federal Income Tax
Social Security Tax
Medicare Tax
NY State Income Tax
New York Cit Income Tax

**Net Pay**
Checking 1

**Net Check**

Your federal taxable wages this period are
$1,011.16

---

MORGANS HOTEL GROUP MANAGEMENT, LLC
MONDRIAN SOHO HOTEL
9 CROSBY STREET
NEW YORK, NY 10013

| | |
|---|---|
| Advice number: | 00000160095 |
| Pay date: | 04/17/2015 |

Deposited to the account of
REJWANUL  ISLAM

| account number | transit  ABA | amount |
|----------------|--------------|--------|
| XXXXX | XXXX XXXX | $755.87 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

# EXHIBIT 2

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 120 |
|-----|------|------|-------|-----------|-----|
| A8V | 000294 | 202176 | | 0000160076 | 1 |

## Earnings Statement



MORGANS HOTEL GROUP MANAGEMENT, LLC
MONDRIAN SOHO HOTEL
9 CROSBY STREET
NEW YORK, NY 10013

| | |
|---|---|
| Period Beginning: | 04/06/2015 |
| Period Ending: | 04/12/2015 |
| Pay Date: | 04/17/2015 |

00000000069
**MD NASIR AHMED**

Taxable Marital Status:
Federal:    Married

Exemptions/Allowances:
Federal:    2

### Earnings

| | rate | hours | this period | year to date |
|---|------|-------|-------------|--------------|
| Regular | 5.1500 | 40.00 | 206.00 | |
| Overtime | 9.2250 | 5.00 | 46.13 | |
| Charge Tips | | | 699.50 | |
| Ny Spread10Hr | | | 8.75 | |
| Tips Paid | | | 94.03 | |
| Dept20 Xtrpay | | | | |
| Incent/Upsell | | | | |
| Sick | | | | |
| **Gross Pay** | | | **$1,054.41** | |

### Deductions     Statutory

| | |
|---|---|
| Federal Income Tax | |
| Social Security Tax | |
| Medicare Tax | |
| NY State Income Tax | |
| New York Cit Income Tax | |
| **Net Pay** | |
| Checking 1 | |
| **Net Check** | |

Your federal taxable wages this period are
$1,054.41

### Other Benefits and Information



| | this period | total to date |
|---|-------------|---------------|
| Personal Hours | | |
| Sick Hours | | |
| Vacation Hours | | |

### Important Notes
YOUR COMPANY'S PHONE# 212-554-6444

### Additional Tax Withholding Information
Taxable Marital Status:
NY:    Single
New York Cit: Single
Exemptions/Allowances:
NY:    0
New York Cit: 2

© 1999, 2006, ADP, LLC  All Rights Reserved.

© 2000 ADP, LLC

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY. COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM.



MORGANS HOTEL GROUP MANAGEMENT, LLC
MONDRIAN SOHO HOTEL
9 CROSBY STREET
NEW YORK, NY 10013

| | |
|---|---|
| Advice number: | 00000160076 |
| Pay date: | 04/17/2015 |

Deposited to the account of
MD NASIR AHMED

| account number | transit ABA | amount |
|----------------|-------------|--------|
| XXXXXX | XXXX XXXX | $797.49 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT

# EXHIBIT 3

CO.   FILE   DEPT.   CLOCK   VCHR. NO.   120
N1D   000262  202176                     0000080023   1

# Earnings Statement



*HAPPY BAR*
*MONDRIAN SOHO HOTEL*
*9 CROSBY STREET*
*NEW YORK, NY 10013*

| | |
|---|---|
| Period Beginning: | 02/09/2015 |
| Period Ending: | 02/15/2015 |
| Pay Date: | 02/20/2015 |

Taxable Marital Status:
Federal:        Married

00000000017
**MD NASIR AHMED**

Exemptions/Allowances:
Federal:        2



| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 5.0000 | 40.00 | 200.00 | |
| Overtime | 9.0000 | 4.00 | 36.00 | |
| Charge Tips | | | 675.39 | |
| Tips Paid | | | 66.94 | |
| Holiday | | | | |
| Ny Spread10Hr | | | | |
| Overtime | | | | |
| Sick | | | | |
| **Gross Pay** | | | **$978.33** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal Hours | | |
| Sick Hours | | |
| Vacation Hours | | |

**Important Notes**
YOUR COMPANY'S PHONE# 212-554-6444

**Additional Tax Withholding Information**
Taxable Marital Status:
NY:                    Single
New York Cit:          Single
Exemptions/Allowances:
NY:                    0
New York Cit:          2

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | | |
| | Social Security Tax | | |
| | Medicare Tax | | |
| | NY State Income Tax | | |
| | New York Cit Income Tax | | |
| | **Net Pay** | | |
| | Checking 1 | | |
| | **Net Check** | | |




Your federal taxable wages this period are $978.33

© 1998, 2006, ADP, LLC All Rights Reserved.

► TEAR HERE ▼

█ VERIFY DOCUMENT AUTHENTICITY. COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHT AT BOTTOM. █

*HAPPY BAR*
*MONDRIAN SOHO HOTEL*
*9 CROSBY STREET*
*NEW YORK, NY 10013*

| | |
|---|---|
| Advice number: | 00000080023 |
| Pay date: | 02/20/2015 |

Deposited to the account of
MD NASIR AHMED

| account number | transit ABA | amount |
|---|---|---|
| xxxxx | xxxx xxxx | $746.51 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

█ THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK █ HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT. █