# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

REJWANUL ISLAM, NASIR AHMED, IMRAN
HUSSAIN, and CHRISTINA FALCON, *individually and
on behalf of others similarly situated,*

                                Plaintiffs,

    -against-

MORGANS HOTEL GROUP MANAGEMENT LLC,
*and any other related entities,*

                                Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 3091 (GBD) (RWL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 02 2019

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Rejwanul Islam, Nasir Ahmed, Imran Hussain, and Christina Falcon bring this putative collective and class action against Defendant Morgans Hotel Group Management LLC under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Second Am. Class Action Compl. ("SAC"), ECF No. 44.) Defendant moves to dismiss Falcon from this action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), arguing that Falcon's employment by a third-party staffing agency rather than by Defendant deprives her of a cause of action against Defendant. (Notice of Mot. to Dismiss Second Am. Class Action Compl. as to Pl. Christina Falcon, ECF No. 47; Mot. to Dismiss Second Am. Compl. as to Pl. Christina Falcon ("Def.'s Mem."), ECF No. 47-1.)

Before this Court is Magistrate Judge Robert W. Lehrburger's August 27, 2019 Report and Recommendation (the "Report"), recommending that Defendant's motion to dismiss be denied. (Report, ECF No. 55, at 1.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*

at 9.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report and denies Defendant's motion to dismiss.

## I. FACTUAL BACKGROUND

All named Plaintiffs worked as servers at events hosted by Defendant. (SAC ¶¶ 1, 9–12.) Although Plaintiffs Islam, Ahmed, and Hussain were employed directly by Defendant, (*id.* ¶¶ 9–11), Plaintiff Falcon was assigned to work for Defendant through a third-party staffing agency, (*id.* ¶¶ 12, 31). At some of Defendant's events, the entire service staff was comprised of individuals like Falcon who were employed by such agencies. (*Id.* ¶ 31.)

According to Plaintiffs, Defendant represented to its customers that "16% of food, beverage & room rental total for the event will be added to your account as a gratuity and is fully distributed to service staff assigned to your event." (*Id.* (emphasis omitted).) Plaintiffs allege that notwithstanding such representations, Defendant did not distribute any gratuity to Falcon or other similarly situated individuals, (*id.*), and instead unlawfully "withheld and retained portions of gratuities" that Defendant collected, (*id.* ¶ 74). Falcon's only claim in this action is for unpaid tips and gratuities. (*See id.* ¶¶ 71–76.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v.*

*City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### C. Rule 12(c) Judgment on the Pleadings.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l*

3

*Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995). The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard used in evaluating a motion to dismiss under Rule 12(b)(6). *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

### III. PLAINTIFF FALCON SUFFICIENTLY ALLEGES A CLAIM AGAINST DEFENDANT

Magistrate Judge Lehrburger correctly determined that Falcon sufficiently alleges a claim for unpaid tips and gratuities under the NYLL, which prohibits employers from retaining gratuities meant for employees. Section 196-d of the NYLL states, in pertinent part:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

N.Y. Lab. Law § 196-d. New York wage regulations further provide that "Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18.

Drawing all reasonable inferences in Plaintiff's favor, as is appropriate on a motion to dismiss, the complaint adequately alleges that Defendant employed Falcon, (Report at 6 (citing SAC ¶¶ 12, 16)), and that Defendant improperly retained gratuities intended for Falcon, (*id.* (citing SAC ¶¶ 31, 74)). Moreover, as Magistrate Judge Lehrburger correctly found, Defendant's attempt to narrow the scope of Section 196-d is unavailing. Specifically, relying on the New York Court of Appeals decision in *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460 (2013), Defendant tries to argue that Section 196-d does not require an employer to distribute gratuities to *all* its employees, but instead gives the employer discretion to distribute any gratuities collected to *select* employees.

4

(Def.'s Mem. at 4–5.) Defendant contends that it therefore properly excluded employees of third-party staffing agencies from its distribution of gratuities. (*Id.*) As Magistrate Judge Lehrburger appropriately found, however, although "*Barenboim* 'may support the position' that an employer has 'latitude' in determining how a tip pool is distributed among workers[,] *Barenboim* 'certainly does *not* support the position that a caterer can elect to retain a mandatory gratuity charge for itself.'" (Report at 9 (quoting Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Second Am. Compl. as to Pl. Christina Falcon, ECF No. 52, at 1).) Accordingly, Falcon's claim for unpaid tips and gratuities withstands Defendant's motion to dismiss.

## IV. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Defendant's motion to dismiss, (ECF No. 47), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
December 2, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge